UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOSHUA A. UERKVITZ,

      Petitioner,

v.                                                          Civil Action No. 2:16-cv-644

ERIC D. WILSON, Warden,
FCI Petersburg, Medium,

      Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Joshua A. Uerkvitz's ("Petitioner") Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 ("the Petition"), ECF No. 1, and the Respondent Eric D. Wilson's ("the Respondent") Amended Motion to Dismiss for Lack of Jurisdiction ("Motion to Dismiss"), ECF No. 21. The Motion was referred for disposition to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. For the following reasons, the undersigned **RECOMMENDS** that the Petition, ECF No. 1, be **DISMISSED WITH PREJUDICE FOR LACK OF JURISDICTION**. In making this recommendation, the undersigned notes that Petitioner is not precluded from requesting permission from the Second Circuit to file a second § 2255 petition in the sentencing court.

I. **FACTUAL AND PROCEDURAL BACKROUND**

On June 17, 2008, in the U.S. District Court for the Western District of New York, Petitioner pleaded guilty to a single count information charging him with knowingly possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). *See* ECF No. 11 ("Plea Agreement") at 1, 4, ¶¶ 1, 6a, *United States v. Uerkvitz* (Uerkvitz I), No. 6:08-cr-6132 (W.D.N.Y. June 18, 2008).[1] The terms of the Plea Agreement included several stipulations.

First, Petitioner stipulated that he had a prior conviction for aggravated sexual abuse/sexual abuse/abusive sexual contact involving a minor, thus subjecting Petitioner to enhanced penalties under 18 U.S.C. § 2252A(b)(2), to include a mandatory minimum of ten (10) years of incarceration. Plea Agreement at 2, ¶ 2.[2] Petitioner also stipulated that he possessed pornographic material depicting a prepubescent minor or a minor under the age of twelve years, and agreed that the inclusion of this stipulated fact in the Statement of Facts supporting his plea subjected him to a two level sentencing enhancement under U.S.S.G. § 2G2.2(b)(2). *See* Plea Agreement at 4, 5, ¶¶ 6a, 9a. Petitioner further stipulated that he was subjected to a two level enhancement pursuant to U.S.S.G. § 2G2.2(b)(6) for his use of a computer. *See* Plea Agreement at 5, ¶ 9c. Additionally, Petitioner stipulated that he was subject to a five level sentencing enhancement pursuant to U.S.S.G. § 2G2.2(b)(5) for engaging in a pattern of activity involving

---

[1] As a condition of Petitioner's probation in Monroe County, New York, Monroe County probation agents had full search authority of Petitioner's computer and apartment. On June 16, 2007, Petitioner's computer was searched by a Monroe County probation official at his home in Rochester, New York. This search uncovered child pornography images. Petitioner was taken into custody and Monroe County probation contacted Special Agents with U.S. Immigration and Customs Enforcement ("ICE"). On August 2, 2007, ICE Agents interviewed Petitioner at the Monroe County Jail at which time Petitioner admitted that he had used his computer to view images of child pornography. *See* ECF No. 1 ("Affidavit in Support of a Criminal Complaint") at 2-4, ¶¶ 4-7, *United States v. Uerkvitz* (Uerkvitz I), No. 6:08-cr-6132 (W.D.N.Y. Nov. 7, 2007)

[2] *See* ECF No. 1 ("Affidavit in Support of a Criminal Complaint") at 2, ¶ 4, *United States v. Uerkvitz* (Uerkvitz I), No. 6:08-cr-6132 (W.D.N.Y. Nov. 7, 2007) ("On or about August 9, 2006, JOSHUA A. UERKVITZ was sentenced to ten years of Probation in Monroe County Court following a plea of guilty to Sexual Abuse in the First Degree – Contact with an Individual Under Eleven Years of Age. As a condition of UERKVITZ's Probation, Monroe County Probation officials had full search authority of UERKVITZ's apartment and computer. All searches, if any, were to be conducted at the discretion of Monroe County Probation.").

2

the sexual abuse and exploitation of children. *See* Plea Agreement at 5, ¶ 9b. The parties further agreed that Petitioner should be sentenced to one hundred and twenty (120) months of incarceration, or the ten year minimum, and asked the District Court to bind itself thereto, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). *See See* Plea Agreement at 8, ¶ 15. *See also* Fed. R. Crim. P. 11(c)(1)(C) ("An attorney for the government and the defendant's attorney, or the defendant when proceeding *pro se*, may discuss and reach a plea agreement. The court must not participate in these discussions. If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will . . . agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement.")). On December 5, 2008, Petitioner was sentenced in accordance with the Plea Agreement, to one hundred and twenty (120) months of incarceration with fifteen (15) years of supervised release. *See* ECF No. 18 ("Judgment in a Criminal Case") at 2-3, *United States v. Uerkvitz* (Uerkvitz I), No. 6:08-cr-6132 (W.D.N.Y. Dec. 5, 2008). Petitioner raised no objections at the time of sentencing and thereafter did not appeal the judgment.

Seven years later, on February 27, 2015, Petitioner filed a *pro se* Motion and Memorandum in Support to Correct Clerical Errors Pursuant to Rule 36 of the Pre-Sentence Investigation Report. *See* ECF No. 20 ("Motion to Correct Clerical Errors") at 2-3, *United States v. Uerkvitz* (Uerkvitz I), No. 6:08-cr-6132 (W.D.N.Y. Feb. 27, 2015). Therein, Petitioner challenged the substantive application of his sentencing enhancements, rather than clerical or stenographic errors. For this reason, the District Court denied both Petitioner's Motion to

Correct (ECF No. 20), as well as his Motion for Certificate of Appealability (ECF No. 24). *See* ECF No. 23 ("Order denying Motion to correct"), *United States v. Uerkvitz* (Uerkvitz I), No. 6:08-cr-6132 (W.D.N.Y. March 31, 2015); ECF No. 27 ("Order denying Motion for Certificate of Appealability"), *United States v. Uerkvitz* (Uerkvitz I), No. 6:08-cr-6132 (W.D.N.Y. May 4, 2015). Petitioner appealed the District Court's denial to the Second Circuit. On August 6, 2015, the Second Circuit issued an Order dismissing Petitioner's appeal based on the Court's *sua sponte* determination that "the appeal lack[ed] an arguable basis in law or fact" and "present[ed] no arguably meritorious issue for our consideration." *United States v. Uerkvitz* (Uerkvitz II), No. 15-1462 (2d Cir. Aug. 6, 2015) (citing *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).[3]

On December 11, 2015, approximately one month after the Second Circuit's dismissal of his appeal became final, Petitioner filed a collateral attack in the District Court pursuant to 28 U.S.C. § 2255. *See* ECF No. 30 ("Motion to Vacate under 28 U.S.C. 2255"), *United States v. Uerkvitz* (Uerkvitz I), No. 6:08-cr-6132 (W.D.N.Y. Dec. 11, 2015). The District Court ultimately denied Petitioner's Section 2255 Motion, finding that "the time to bring this petition expired when petitioner's time to appeal expired . . . in early 2010." ECF No. 38 ("District Court Order denying Motion to Vacate (2255) and dismissing as untimely"), *United States v. Uerkvitz* (Uerkvitz I), No. 6:08-cr-6132 (W.D.N.Y. Feb. 8, 2016).

According to the instant Petition and submissions of the Respondent, Petitioner then moved the Second Circuit for leave to file a second or successive Section 2255 Motion, arguing (1) that the prosecution failed to disclose newly discovered evidence, namely a forensic computer report, which violated *Brady v. Maryland*; and (2) that under the new rule of law announced in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), *Johnson v. United States*, 135

---

[3] On November 25, 2015, this Order of Dismissal was filed in Uerkvitz I at ECF No. 28.

S. Ct. 2551 (2015)[4], and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), certain prior violent and drug trafficking convictions no longer qualify as predicates for an enhanced sentence and this new rule applies to Petitioner's child pornography enhancements under § 2252A(b)(2). *See* ECF No. 1 at 4-7. *See also* ECF No. 20 at 3. On June 3, 2016, the Second Circuit denied Petitioner's Motion to file a second or successive section 2255 motion, remarking that the tenets of the *Carachuri-Rosendo*, *Johnson*, and *Simmons* decisions were inapplicable to Petitioner's convictions, but also noting that Petitioner failed to attach or provide details of the alleged forensic computer report, and also "failed to provide any evidence, new or otherwise, 'that, if proven . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty.'" *See* ECF No. 39 ("Second Circuit Mandate denying Motion to file second or successive 2255 motion") *United States v. Uerkvitz* (Uerkvitz I), No. 6:08-cr-6132 (W.D.N.Y. July 28, 2016) at 1-2 (citing 28 U.S.C. § 2255(h)(1)-(2)).

On November 3, 2016, while incarcerated in Petersburg, Virginia, Petitioner filed the instant *pro se* Petition pursuant to Section 2241. ECF No. 1. Therein, Petitioner asserted essentially two, but interrelated grounds for relief: (1) that the Government failed to disclose "newly discovered evidence" in the form of the forensic computer report; and (2) that the evidence seized from Petitioner's computer amounted to fruit of the poisonous tree because the

---

[4] In *Johnson*, the defendant pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and received an "enhancement" as to his sentence because he had three prior convictions for "violent felonies." 135 S. Ct. at 2553-54. This enhancement then increased his sentence from a maximum of ten years to a minimum of fifteen years. *Id.* at 2555. The ACCA defines a "violent felony" as one that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." § 924(e)(2)(B) (emphasis added). The italicized portion is referred to as the "residual clause." The *Johnson* Court held the residual clause unconstitutionally vague because it "leaves grave uncertainty about how to estimate the risk posed by a crime . . . [and] leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2557-58.

search and seizure of Petitioner's computer violated his Fourth Amendment rights. ECF No. 1 at 6-7.[5]

On May 2, 2017, Petitioner filed a Motion asking this Court to essentially grant Petitioner a default judgment based on the Respondent's failure to respond, despite being ordered to do so on February 17, 2017. *See* ECF No. 9 (Petitioner's Motion to grant Petitioner's Request for Habeas Relief). *See also* ECF No. 7 (February 17, 2017 Order of Service upon Respondents). Upon receipt of Petitioner's Motion for Default Judgment, the Court immediately issued a second Order directing the United States Attorney for the Eastern District of Virginia, Norfolk Division, on behalf of the Respondent, to file a Motion for Leave to File a Response, as well as a Proposed Response to the Petition. ECF No. 10. The Respondent complied and the Court permitted the Respondent to belatedly file a Response and *Roseboro* Notice, as well as a subsequent request to file an Amended Motion to Dismiss. *See* ECF Nos. 11-21. Accordingly, the Respondent's Amended Motion to Dismiss (ECF No. 21) is the operative Motion before the Court. On June 30, 2017, Petitioner filed a Response to the Motion to Dismiss, which included Petitioner's Motion to Transfer Jurisdiction, ECF No. 22, to which the Respondent filed a Reply on July 12, 2017, ECF No. 23. Accordingly, both the Motion to Dismiss (ECF No. 21) and Petitioner's purported Motion to Transfer Jurisdiction (ECF No. 22) are ripe for recommended disposition.

Additionally, the Court notes that via written Notice dated March 8, 2017, and docketed March 13, 2017, Petitioner notified the Court that he would be released from federal custody on March 10, 2017 and would reside in Rochester, New York in the Western District of New York under the terms of his supervised release. *See* ECF No. 8. *See also* ECF No. 20 at 4 n.1. As the

---

[5] Although Petitioner's completion of the standard 2241 Petition form indicates that there is only one "ground" in support of Petitioner's request for habeas relief, the Court conceptualizes the petition as asserting two. See ECF No. 1 at 6-7.

Respondent notes, the fact that Petitioner was released from federal custody and relocated outside of the Eastern District of Virginia neither defeats jurisdiction nor prevents Petitioner from mounting a collateral attack on his conviction and term of supervised release because "[a]n individual on parole or on supervised release is considered 'in custody' for purposes of the habeas corpus petition." ECF No. 20 at 4 n.1 (quoting *Edwards v. Dunlap*, No. 2:08CV306, 2009 WL 577492, at *2 (E.D. Va. Mar. 4, 2009) (adopting Report and Recommendation) (quoting *Maleng v. Cook*, 490 U.S. 488, 491 (1989); *Jones v. Cunningham*, 371 U.S. 236, 243 (1963))). *See also Core v. Wilson*, No. 2:15CV373, 2016 WL 2340855, at *2 (E.D. Va. Mar. 25, 2016) ("It is well established . . . that jurisdiction is determined when the petition for writ of habeas corpus is filed, and is not defeated by a subsequent transfer of the petitioner.") (citing *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994) (*per curiam*) (unpublished)), *report and recommendation adopted*, No. 2:15CV373, 2016 WL 1752759 (E.D. Va. Apr. 29, 2016); *Maxey v. Warden, FCI Petersburg*, No. 1:09CV443LMB/TCB, 2010 WL 1703731, at *1 (E.D. Va. Apr. 26, 2010) ("Where, as here, a petitioner is released from custody after filing a § 2241 application, the petition is not ipso facto rendered moot. Instead, the inquiry focuses on whether the court nonetheless can grant petitioner the relief he requests.").

Rather, this Court lacks jurisdiction to consider the Petition for other reasons, as detailed herein at Part II, *infra*. *See also Core v. Wilson*, No. 2:15CV373, 2016 WL 2340855, at *3 (E.D. Va. Mar. 25, 2016) ("While Core's transfer to North Carolina does not defeat jurisdiction in this case, the Court does not have jurisdiction over Core's petition because it was not properly brought pursuant to section 2241."), *report and recommendation adopted*, No. 2:15CV373, 2016 WL 1752759 (E.D. Va. Apr. 29, 2016).

## II. DISCUSSION

### A. This Court Lacks Jurisdiction to Consider Petitioner's Remedy under § 2241

Before evaluating the merits of Petitioner's Section 2241 request for habeas relief pursuant to *Brady v. Maryland*, or Fourth Amendment jurisprudence, this Court must ascertain whether it has jurisdiction over those claims. The Respondent contends that this Court does not, and should therefore dismiss the Petition with prejudice. ECF No. 20 at 4. The Court agrees. "A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence." *Gregory v. Wilson*, No. 1:14CV1693 (TSE/MSN), 2015 WL 7571819, at *2 (E.D. Va. Nov. 23, 2015) (citing *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) ("[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their conviction and sentences through § 2255.")). *See also United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) ("Habeas petitions are usually filed under § 2255 in the court that imposed the prisoner's sentence.") (citations omitted).

In contrast, Section 2241 petitions (such as the instant Petition) "generally challenge[] the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Gonzalez-Martinez v. Drew*, No. 8:11-cv-00437, 2011 WL 6982247, at *4 n.1 (D.S.C. Dec. 16, 2011) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)). However, "[w]hen § 2255 'appears . . . inadequate or ineffective to test the legality of his detention,' § 2255(e), however, a federal prisoner may seek habeas relief from the court in the district of his confinement under § 2241." *United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008) (quoting *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000)). *See also* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is

8

authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.").

Thus, proceeding under Section 2241 is limited and a federal inmate must first demonstrate that the remedy afforded by Section 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e). *See also Gregory v. Wilson*, No. 1:14CV1693 (TSE/MSN), 2015 WL 7571819, at *3 (E.D. Va. Nov. 23, 2015) (reiterating that "a federal inmate may proceed under § 2241 to challenge his conviction or sentence 'in only very limited circumstances.'") (quoting *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008)). In the Fourth Circuit, a court must utilize a three-part test to determine whether a petition challenging the lawfulness of a conviction or sentence can be brought under § 2241:

> A section 2255 petition is inadequate and ineffective when:
>
> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (referring to the above as the "savings clause"). As a Court in our sister division observed, "[t]his test was formulated expressly to provide a remedy for the 'fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress.'" *Johnson v. Wilson*, No. 1:15-CV-1273 (LMB), 2016 WL 521512, at *3 (E.D. Va. Feb. 5, 2016), aff'd, 693 F. App'x 204 (4th Cir. 2017) (quoting *In re Jones*, 226 F.3d 328, 333 n.3 (4th Cir. 2000)). However, in considering the application of this savings clause, the Fourth Circuit

9

has repeatedly emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988); *Garris v. Lindsay*, 794 F.2d 722, 726–27 (D.C. Cir. 1986) (*per curiam*)) (internal citations omitted). Furthermore, the Fourth Circuit has repeatedly declined to extend the reach of section 2255's savings clause, confining its application to instances of actual innocence of the underlying offense of conviction. *Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011) ("In addition to the language in *Jones* that refers only to the conduct of conviction, we have also noted that we have not 'extended the reach of the savings clause to those petitioners challenging only their sentence.'") (quoting *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008)). *See e.g., Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (acknowledging the Fourth Circuit precedent of restricting savings clause claims to those alleging actual innocence and proceeding in accordance therewith). In applying the three-part *Jones* test to the instant Petition, the undersigned finds that Petitioner's claim does not fit within the limited test applicable to the savings clause.

With respect to the second *Jones* element, Petitioner fails to show that "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). As previously noted in Part I, *supra*, Petitioner pleaded guilty to one count of knowingly possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Petitioner does not, and cannot, direct the Court to any change in the law subsequent to the entry of Petitioner's judgment of conviction that eliminates the criminal liability for knowingly possessing child pornography. To the extent that Petitioner

10

attempts to aver that the alleged *Brady* violations render him innocent, this argument is unavailing because the holding of *Brady v. Maryland*, 373 U.S. 83 (1963) is neither an intervening change of substantive law that establishes actual innocence nor a new rule of constitutional law that was previously unavailable, given that the decision was issued in 1963, well before the filing of Petitioner's first § 2255 petition, Petitioner's conviction, and indeed, Petitioner's birth in 1985. *See* ECF No. 1 ("Affidavit in Support of a Criminal Complaint") at 2, ¶ 2, *United States v. Uerkvitz* (Uerkvitz I), No. 6:08-cr-6132 (W.D.N.Y. Nov. 7, 2007).

Moreover, Petitioner still fails to satisfy the gatekeeping provisions of § 2255 in order to seek relief under § 2241. The Fourth Circuit delineated this issue of relief in *Rice v. Rivera*:

> [A] federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law. If, conversely, the prisoner had an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change, a § 2241 motion is unavailable to him, and any otherwise unauthorized habeas motion must be dismissed for lack of jurisdiction.

617 F.3d 802, 807 (4th Cir. 2010); *see also Turner v. Wilson*, No. 2:14CV597, 2015 WL 6693079, at *5 (E.D. Va. Oct. 28, 2015) (explaining that "even if the court were to conclude that [the petitioner's] new argument had merit, it would still lack jurisdiction to consider it because [the petitioner's] remedy under § 2255 has not been shown to be inadequate or ineffective"). Petitioner's argument that the "forensic examination report" that the prosecution allegedly failed to provide to Petitioner and his counsel amounts to "newly discovered evidence" further enforces this point. As Respondent notes, "'[n]ewly discovered evidence' is one of two express exemptions to the second-or-successive bar under § 2255(h), and that statutory language shows that § 2255 is uniquely designed to address [Petitioner's] claim." ECF No. 20 at 6. Moreover, simply because Petitioner's first attempt to obtain habeas relief under § 2255 was denied, does not mean that the remedy afforded by § 2255 is inadequate or ineffective. *See e.g., In re Vial*,

11

115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (observing that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion.") (citing *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988); *Garris v. Lindsay*, 794 F.2d 722, 726–27 (D.C. Cir. 1986) (*per curiam*)) (internal citations omitted).

Petitioner's Response to the Respondent's Motion to Dismiss is largely illogical, and therefore does nothing to refute the Respondent's arguments. *See* ECF No. 22. First, Petitioner argues that "knowingly, [sic] possessing child porngraphy [sic] has been shown to be deemed not be criminal because there was no evidence to put such pictures in his possession because the Petitioner didn't own a printer for his computer therefore knowingly possessing child pornography has been deemed noncriminal." ECF No. 22 at 1. This argument is meritless for several reasons, but primarily because the statute under which Petitioner was convicted (via his voluntary guilty plea) encompasses Petitioner's stipulated conduct, notwithstanding his alleged inability to print the images (and to physically "possess" the same), because in entering his guilty plea, Petitioner agreed that at least one pornographic image of a prepubescent minor was found on Petitioner's computer located in New York, and such computer was manufactured outside the State of New York. *See* Plea Agreement at 4, ¶ 6a. *See also* 18 U.S.C. § 2252A(a)(5)(B) (providing that it is a crime to "knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any

means, including by computer"). Furthermore, "the absence of a printer" is not one of the enumerated affirmative defenses contained in the relevant statutory scheme. *See* 18 U.S.C. § 2252A(c)-(d). Additionally, as the Respondent notes, Petitioner's argument regarding alleged insufficiency of evidence is further proof of Petitioner's failure to show that a remedy under § 2255 is inadequate or ineffective. Petitioner's Response also directs the Court's attention to a recent development in North Carolina State rules governing legal ethics, which permit a defense attorney to disclose information that would exonerate another if such disclosure would not harm the disclosing attorney's client. ECF No. 22 at 1-2. Like the first, this point is equally illogical and does nothing to support Petitioner's request for habeas relief, further compounded by the fact that Petitioner does not even attempt to connect the passage of an ethical rule in a wholly unrelated State with his instant claim for habeas relief.

In summation, the instant Petition fails to meet the *Jones* criteria and therefore, Petitioner may not invoke Section 2241 to challenge the legality of his conviction. Based on Petitioner's assertions in his Response to the Respondent's Motion to Dismiss, Petitioner appears to concede this exact point. Specifically, Petitioner states "[t]he Court should grant Petitioner's Motion to transfer to the Second Circuit, because ***Petitioner's claim is not redressable [sic] via § 2241. . .***" ECF No. 22 at 5 (emphasis added). Whether this apparent concession was the result of a typographical error or misunderstanding of the law is of no moment, because as detailed herein, the instant § 2241 Petition is meritless, and the undersigned RECOMMENDS that the Petition (ECF No. 1) be **DISMISSED WITH PREJUDICE**.

Accordingly, Petitioner's only potential avenue of seeking habeas relief is to file a § 2255 petition, as described in Part II.B., *infra*.

## B. Filing a Second or Successive Section 2255 Petition

The instant Petition was filed pursuant to § 2241, not § 2255. Petitioner should have sought relief under § 2255 in the court where he was sentenced, namely, the Western District of New York. This Court cannot, however, re-characterize the Petition. *See Turner v. Wilson*, No. 2:14CV597, 2015 WL 6693079, at *5 (E.D. Va. Oct. 28, 2015); *Parker v. Andrews*, No. 5:14-HC-2149-D, 2015 WL 6759499, at *1 (E.D.N.C. Sept. 28, 2015) *report and recommendation adopted,* No. 5:14-HC-2149-D, 2015 WL 6816727 (E.D.N.C. Nov. 5, 2015) ("[T]he court cannot convert Parker's § 2241 petition into a § 2255 motion because he has previously collaterally attacked his conviction and has not received permission from the Fourth Circuit Court of Appeals to bring a successive habeas challenge.").

The Court notes that Petitioner already filed a § 2255 petition in the sentencing court – the Western District of New York. ECF No. 1 at 4. *See also* ECF No. 38 ("District Court Order denying Motion to Vacate (2255) and dismissing as untimely"), *United States v. Uerkvitz* (Uerkvitz I), No. 6:08-cr-6132 (W.D.N.Y. Feb. 8, 2016). Ordinarily, a petitioner cannot file a second or successive habeas petition challenging the same conviction or sentence. *See* 28 U.S.C. § 2255(h); *see generally Sanders v. United States*, 373 U.S. 1 (1963) (discussing and defining second or successive petitions). However, pursuant to Subsection 2255(h) and Section 2244, Petitioner *may* be able to file a second § 2255 petition if he receives proper certification from the Court of Appeals in the District that sentenced him:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

14

>    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). *See also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *See also Felker v. Turpin*, 518 U.S. 651, 657 (1996) (explaining that the Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for § 2255 federal habeas corpus relief by establishing a "gatekeeping mechanism."). Therefore, Petitioner must first obtain certification to file a second or successive motion from the Second Circuit, and then must also meet the requirements of either subsection(h)(1) or (h)(2) as provided above. *See Gregory v. Wilson*, No. 1:14CV1693 (TSE/MSN), 2015 WL 7571819, at *4 (E.D. Va. Nov. 23, 2015) ("Because petitioner's claim falls outside the § 2255 savings clause, he may not proceed under § 2241, and the instant application must be construed as a successive motion for relief under § 2255. As such, the motion may not be brought unless certified as provided in 28 U.S.C. § 2244 by a panel of the Fourth Circuit Court of Appeals. Because no such certification has been granted, this petition must be dismissed, without prejudice to petitioner's ability to apply for § 2244 certification to the Fourth Circuit Court of Appeals."). However, in light of the Second Circuit's previous denial of Petitioner's Motion to File a Second or Successive 2255 Motion, the undersigned expresses no opinion regarding Petitioner's likelihood of success in pursuing further relief in accordance to the procedures described herein.

**C. Petitioner's Motion to Transfer Jurisdiction (ECF No. 22)**

As the Court previously noted, in Petitioner's Response to the Respondent's Motion to Dismiss (ECF No. 22), Petitioner appears to request that the Court "transfer jurisdiction" of

15

Petitioner's claim to the Western District of New York. *See* ECF No. 22 at 1, 5. As the Respondent states, "[g]iven that the law does not permitting 'transferring' jurisdiction, we construe [Petitioner's] request as a motion to transfer venue." ECF No. 23 at 2. The Court will join in this interpretation of Petitioner's requested relief. The undersigned **FINDS** that because Petitioner cannot demonstrate entitlement to habeas relief under Section 2241, irrespective of the Court which considers his Petition, the Court should dismiss this Motion to Transfer as moot. Accordingly, the undersigned **RECOMMENDS** that Petitioner's Motion to Transfer Jurisdiction (ECF No. 22) be **DENIED AS MOOT**.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Amended Motion to Dismiss, ECF No. 21, be **GRANTED**, and that the Petition, ECF No. 1, be **DISMISSED WITH PREJUDICE FOR LACK OF JURISDICTION**. The undersigned further **RECOMMENDS** that Petitioner's Motion to Transfer Jurisdiction, ECF No. 22, be **DENIED AS MOOT**. Petitioner is **ADVISED** that the proper path for relief is to file a § 2255 Petition in the court that sentenced him—in this case, the United States District Court for the Western District of New York—and he is **FURTHER ADVISED** that he must first seek permission from the Second Circuit to file a second or successive § 2255 petition.

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure

Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge will make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to *pro se* Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
February 1, 2018